1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

OLYMPIC TUG & BARGE, INC., et al.,

CASE NO. C22-1530JLR

11

ORDER

Plaintiffs / Counter-
Defendants,

12
13

v.

14

LOVEL BRIERE, LLC,

15

Defendant / Counter-
Claimant.

16

## I.   INTRODUCTION

17

18

19

20

21

22

Before the court is Defendant / Counter-Claimant Lovel Briere, LLC's ("Lovel Briere") motion for leave to file a third amended answer and counterclaims.  (Mot. (Dkt. # 46); Reply (Dkt. # 49); *see* Prop. 3d Am. Ans. (Dkt. # 46-1).)  Plaintiffs / Counter-Defendants Olympic Tug & Barge, Inc. ("Olympic") and Harley Marine Financing, LLC (together, "Plaintiffs") oppose Lovel Briere's motion for leave to amend.

1  (Resp. (Dkt. # 48).)  The court has considered the parties' submissions, the relevant

2  portions of the record, and the governing law.  Being fully advised,[1] the court DENIES

3  Lovel Briere's motion for leave to amend.

4  ## II.   BACKGROUND

5       This case arises from Lovel Briere's attempt to unilaterally increase the monthly

6  charter hire rate for the barge LOVEL BRIERE (the "Vessel"), which Plaintiffs operate

7  pursuant to a bareboat charter agreement (the "Agreement").  (*See generally* Compl.

8  (Dkt. # 1); *id.*, Ex. A ("Agreement"); 2d Am. Ans. (Dkt. # 41) at Counterclaims ¶¶ 1-27;

9  *see also* 4/10/23 Order (Dkt. # 40) at 2-8 (setting forth the detailed factual and procedural

10  background of this case).)  Olympic, as the Charterer, and Lovel Briere, as the Owner,

11  entered into the Agreement on May 22, 2013.  (Compl. ¶ 8; *see* Agreement.)  Relevant to

12  the motion before the court, Section 7 of the Agreement provides:

13      Charterer shall procure and maintain, at its expense, the following insurances
14      upon the Vessel during the charter term:

15      a.  hull and machinery insurance . . . ;
        b.  protection [and] indemnity insurance . . . ;
16      c.  pollution and environmental liability insurance . . . ; and
        d.  if required by the Owner and Owner's lender holding a mortgage on the
17          Vessel, breach of warranty insurance . . . .

18      Each insurance shall be subject to Owner's approval, name Owner as an
        insured, be endorsed as primary to any insurance of Owner, and endorsed to
19      require thirty (30) days written notice to each insured (including Owner) in
        the event of any cancellation, non-renewal or other material change in policy
20      terms or conditions.

21  _____
        [1] Plaintiffs have requested oral argument; Lovel Briere has not.  (*See* Resp. at 1; Mot. at
22  1.)  The court finds that oral argument would not be helpful in disposing of the motion.  *See*
    Local Rules W.D. Wash. LCR 7(b)(4).

1    (Agreement § 7.)  On January 3, 2018, the parties executed an amendment that extended

2    the term of the Agreement.  (*Id.* at 3.)  The amendment did not alter Section 7 of the

3    Agreement and is silent regarding insurance.  (*Id.*)

4         Plaintiffs filed this action on October 27, 2022, after Lovel Briere notified them

5    that it intended to double the hire rate for the Vessel effective November 1, 2022 and

6    declare Plaintiffs in default.  (*See* Compl. ¶ 20; *id.*, Ex. B (letter from Lovel Briere

7    regarding the rate increase).)  On November 21, 2022, Lovel Briere answered the

8    complaint and asserted counterclaims for reformation, recission, fraud/material

9    representation, breach of contract, and conversion.  (*See generally* Ans. (Dkt. # 23).)  On

10   January 18, 2023, Lovel Briere filed an amended answer and counterclaims in which it

11   added a counterclaim for breach of the duty of good faith and fair dealing arising from

12   Plaintiffs' alleged refusal to renegotiate the hire rate for the Vessel.  (Am. Ans. (Dkt.

13   # 35) at Counterclaims ¶¶ 22-23, 39-40; *see* 1/17/23 Order (granting the parties'

14   stipulated motion for leave for Lovel Briere to amend its answer).)

15        On April 10, 2023, the court granted in part and denied in part Plaintiffs' motion

16   to dismiss Lovel Briere's amended counterclaims.  (*See generally* 4/10/23 Order (Dkt.

17   # 40).)  The court dismissed Lovel Briere's breach of contract, reformation, and

18   conversion counterclaims with prejudice; dismissed the breach of the duty of good faith

19   and fair dealing counterclaim with leave to amend; and denied Plaintiffs' motion to

20   dismiss Lovel Briere's fraud / misrepresentation counterclaim.  (*Id.* at 20.)  Lovel Briere

21   filed a second amended answer and counterclaims on April 21, 2023.  (*See* 2d Am. Ans.

22   (Dkt. # 41).)  Although the court had granted Lovel Briere leave to amend its breach of

1    the duty of good faith and fair dealing counterclaim (*see* 4/10/23 Order at 20), Lovel

2    Briere did not reassert that counterclaim in its second amended answer (*see* 2d Am. Ans.

3    at Counterclaims ¶¶ 26-27).

4          On April 27, 2023, the court entered a scheduling order in which it set the deadline

5    to file amended pleadings on February 21, 2024; the deadline for completion of discovery

6    on April 22, 2024; the dispositive motions deadline on May 21, 2024; and the trial date

7    on August 19, 2024.  (*See* Sched. Order (Dkt. # 42).)  The court later granted the parties'

8    stipulated motion to extend the deadline to file amended pleadings to February 28, 2024.

9    (2/23/24 Order (Dkt. # 45).)  Lovel Briere filed the instant motion for leave to amend on

10   that deadline.  (Mot.)  Plaintiffs filed a timely response on March 11, 2024, and Lovel

11   Briere filed its reply on March 15, 2024.  (*See* Resp.; Reply.)  Lovel Briere's motion is

12   now ripe for decision.

13                          **III.    ANALYSIS**

14         Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give

15   leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court considers

16   the following factors when evaluating a motion for leave to amend:  "(1) bad faith,

17   (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and

18   (5) whether plaintiff has previously amended his complaint."  *In re W. States Wholesale*

19   *Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of*

20   *Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

21         Lovel Briere seeks leave to file a third amended answer and counterclaims to add a

22   new counterclaim for breach of the duty of good faith and fair dealing arising from

Plaintiffs' alleged refusal to provide copies of their insurance policies.  (*See generally* Mot.; *see* Prop. 3d. Am. Compl. at Counterclaims ¶¶ 26-31, 34-35.)  Lovel Briere alleges that it "repeatedly requested copies of [Plaintiffs'] insurance documents so that [it] could ensure that there had been no material changes in policy terms and conditions" in accordance with its "contractual right to approve—or disapprove—the charterer's insurance policy" under Section 7 of the Agreement.  (Prop. 3d Am. Ans. at Counterclaims ¶ 27.)  It asserts that, it "could not assess whether [Plaintiffs'] insurance coverage was adequate" based on insurance certificates Plaintiffs provided to it on March 3, 2023.  (*Id.* ¶¶ 28-29.)  Therefore, it "requested the full insurance documents [from Plaintiffs' parent company] via email on March 10, March 14, April 10, April 18, May 11, and June 14, 2023" and attempted to contact Plaintiffs' parent company by telephone on March 24, 2023.  (*Id.* ¶ 29.)  Nevertheless, according to Lovel Briere, Plaintiffs refused to produce the policies.  (*Id.* ¶¶ 30-31.)  Lovel Briere argues that by refusing to turn over the full insurance policies, "Plaintiffs have not cooperated with [Lovel Briere] and, as a result, [Lovel Briere] has not obtained the full benefit of performance— specifically, comfort that the vessel it has chartered to Plaintiffs is properly insured." (Mot. at 3.)

Plaintiffs oppose Lovel Briere's motion to amend.  They argue that (1) the proposed amendment is futile, (2) Lovel Briere filed the motion in bad faith, (3) Lovel Briere has unduly delayed moving to amend, (4) and allowing amendment just six weeks before the end of the discovery period would be prejudicial.  (*See generally* Resp.)  The court agrees that the proposed amendment is futile and that Lovel Briere unduly delayed

1  raising the claim.  Because these two factors together justify denial of the motion to

2  amend, the court does not consider whether Lovel Briere has acted in bad faith or

3  whether granting leave to amend would also be prejudicial.

4      First, the court concludes that the proposed amendment is futile.  Under

5  Washington law,[2] "[t]here is in every contract an implied duty of good faith and fair

6  dealing" that "obligates the parties to cooperate with each other so that each may obtain

7  the full benefit of performance." *Rekhter v. Dep't of Soc. & Health Servs.*, 323 P.3d

8  1036, 1041 (Wash. 2014) (quoting *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash.

9  1991)).  The implied covenant of good faith and fair dealing "cannot add or contradict

10 express contract terms and does not impose a free-floating obligation of good faith on the

11 parties." *Id.*  Instead, "the duty arises only in connection with terms agreed to by the

12 parties." *Id.* (quoting *Badgett*, 807 P.3d at 360).  In particular, the duty arises "when the

13 contract gives one party discretionary authority to determine a contract term." *Id.*

14 (quoting *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 632 (Wash.

15 Ct. App. 1997)).

16     The court agrees with Plaintiffs that the amendment is futile—and denial of Lovel

17 Briere's motion is appropriate—because Section 7 of the Agreement does not create a

18 duty for Plaintiffs to produce insurance documents at any time upon Lovel Briere's

19 demand.  (*See* Resp. at 8-10); *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112,

20 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of a motion

21

22 _____

[2] The parties agree that Washington law governs Lovel Briere's proposed counterclaim. (*See generally* Mot. (citing Washington law); Resp. (same).)

ORDER - 6

1    for leave to amend.").  Section 7 provides that the insurance policies procured by

2    Plaintiffs (1) "shall be subject to [Lovel Briere's] approval" and (2) "shall

3    be . . . endorsed to require thirty (30) days written notice to [Lovel Briere] in the event of

4    any cancellation, non-renewal or other material change in policy terms or conditions."

5    (Agreement § 7.)  The court interprets this language as enumerating conditions that give

6    rise to Lovel Briere's contractual right to review and approve Plaintiffs' insurance

7    policies after Lovel Briere's initial approval of the policies under Section 7.  (*See* 2/16/23

8    Order (Dkt. # 37) at 10-11 (setting forth the legal standards governing interpretation of

9    maritime contracts).)  Thus, Plaintiffs do not have a duty to produce the policy documents

10   absent the occurrence of such conditions.  Because Lovel Briere does not allege that

11   Plaintiffs have canceled, failed to renew, or made material changes to their insurance

12   policies (*see generally* Prop. 3d Am. Ans. at Counterclaims), the court concludes that

13   Lovel Briere has not plausibly alleged that Plaintiffs violated their duty of good faith and

14   fair dealing by refusing to produce insurance documents on demand and disconnected

15   from any contractual trigger.  Therefore, the court denies Lovel Briere's motion to amend

16   as futile.  *See Gonzalez*, 759 F.3d at 1116.

17         Second, the court concludes that Lovel Briere unduly delayed seeking leave to

18   amend.  "In assessing undue delay, a court considers not just whether the motion

19   complies with the court's scheduling order, but also when the moving party 'knew or

20   should have known the facts and theories raised by the amendment." *Alexanderson v.*

21   *Langton*, No. C13-1764JLR, 2014 WL 4094148, at *2 (W.D. Wash. Aug. 18, 2014)

22

1   (quoting *Amerisource Bergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir.

2   2006)).  As Lovel Briere itself points out, it informed Plaintiffs that it intended to amend

3   its counterclaims on July 20, 2023—more than seven months before it filed this motion.

4   (*See* Reply at 2; *id.*, Ex. B at 2 (July 20, 2023 email from Plaintiffs' counsel to Lovel

5   Briere's counsel, attaching a certificate of insurance to demonstrate that Plaintiffs had

6   "procure[d] and maintain[ed] the necessary insurance coverage"); *id.* at 1 (Lovel Briere's

7   response, stating that Lovel Briere "will be moving to amend our counterclaims to add

8   this most recent breach of the charter").)  Thus, Lovel Briere had knowledge of the facts

9   and theories underlying its potential counterclaim for breach of the duty of good faith and

10  fair dealing by no later than July 2023.  Lovel Briere does not explain why it then waited

11  to file this motion until the February 28, 2024 deadline for amending pleadings.  (*See*

12  *generally* Mot.; Reply.)  Therefore, the court concludes that Lovel Briere's delay in filing

13  this motion further supports denial of leave to amend.  *AmerisourceBergen*, 465 F.3d at

14  953 (noting that the Ninth Circuit has "held that an eight month delay between the time of

15  obtaining a relevant fact and seeking a leave to amend is unreasonable" (citing *Texaco,*

16  *Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)).

17  //

18  //

19  //

20  //

21  //

22  //

ORDER - 8

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES Lovel Briere's motion for leave to file a third amended answer and counterclaims (Dkt. # 46).

Dated this 20th day of March, 2024.

JAMES L. ROBART
United States District Judge